UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ISHRAM RAMBERRAN,

               Plaintiff,

-against-

RICHARD DELLACONA, MARYLIN SHEVELL,
SHERI MEYERS, GUS SMARAGDAS, THOMAS
FOX, GERARD BEIRNE, CHARLES PEEPLES,
LORRAINE HAYNES, MARLENE SEIGAL,
ERWIN SILVERSTEIN, JUDITH CHIN, JOEL
KLEIN, NEW YORK STATE EDUCATION
DEPARTMENT, NEW YORK CITY
DEPARTMENT OF EDUCTION,

               Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CV-304 (CBA)

AMON, United States District Judge.

       Plaintiff Ishram Ramberran has filed suit against the New York City Department of Education ("DOE") and the above-captioned individuals (collectively, "defendants"). Ramberran alleges that his First, Fourteenth, Thirteenth, and Eighth Amendment rights were violated by a DOE policy prohibiting the filming of students in class without permission, and by a DOE policy prohibiting the use of certain electronic devices at its Regional Operation Center ("ROC"). Ramberran further alleges that he was denied due process and equal protection when he was reassigned to the ROC for violating DOE's filming policy.

       Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted.

**I.     Standard of Review**

       The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Cleveland v. Capland Enterprises, 448 F.3d 518, 521 (2d Cir. 2006). In each case, a complaint may be

1

dismissed "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). The Second Circuit has observed that the standard articulated by the Supreme Court in Twombly remains somewhat uncertain but notes, "at a bare minimum, the operative standard requires the "plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Twombly, 127 S.Ct. at 1965).

The Court will draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002). The need to draw all inferences in the plaintiff's favor has heightened application when the plaintiff is proceeding *pro se*. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

**II.    Discussion**

Ramberran has been employed by the DOE as a teacher since 1989. He began working as a mathematics teacher at Martin van Buren High School in 1998 and continued working there until the incidents at issue in this case. On December 19, 2006, Ramberran was observed using a webcam to film his students. On December 20, 2006, Ramberran received a letter from the Department of Education indicating that he had been reassigned to its ROC while charges against him were investigated.

Ramberran alleges that his First Amendment right to freedom of speech and expression, as well has his Fourteenth Amendment right to equal protection under the law, were denied to him by DOE's policy prohibiting the filming of students and classrooms without permission. He claims that other individuals employed by Martin van Buren High School, including the principal and vice-principal of the school, use video to document proceedings in the school with approval of their supervisors. Additionally, Ramberran brings a due process charge against defendants, claiming that his removal from his teaching position and his reassignment to administrative duties at the ROC were in violation of the Fourteenth Amendment. Ramberran also claims that the above-described First and Fourteenth Amendment rights were violated by an ROC policy that prohibits the use of certain electronic equipment. Finally, Ramberran alleges that defendants have placed him in involuntary servitude, in violation of the Thirteenth Amendment, and exposed him to cruel and unusual punishment, in violation of the Eighth Amendment. As relief, Ramberran seeks money damages and an injunction against defendants.

Defendants have moved for a judgment on the pleadings, asserting that (1) plaintiff cannot establish that his First Amendment rights were violated because filming students is not speech and, even if it were, defendants had a legitimate reason for limiting the alleged speech; (2) plaintiff's use of certain electronic devices while assigned to the ROC is not protected speech under the First Amendment; (3) plaintiff's claims that he was reassigned from his teaching duties without due process fail as a matter of law; and (4) plaintiff's equal protection claims fail because he concedes he was treated the same as all teachers employed by DOE. Ramberran has not responded to defendants' motion and was informed by the Court has his failure to do so would result in the disposition of this motion without his participation. (See Docket Entry No. 21.) The Court considers defendants' arguments below.

A.      **First Amendment Claims**

The First Amendment protects an individual's right to free expression and speech. However, freedom of speech is not an unfettered right. See e.g., Hazelwood Sch. Dist. v. Kuhlmeier, 484 U.S. 260, 266-67 (1988); D.F. v. Bd. of Educ. of Syosset Central Sch. Dist., 386 F.Supp.2d 119, 125 (E.D.N.Y. 2005). Although teachers and students do not "shed their constitutional rights to freedom of speech . . . at the schoolhouse gate," Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 506 (1969), the Supreme Court has recognized that public schools may limit classroom speech to promote educational goals. See id. at 506-07. The classroom is a "non-public forum," and "school officials may impose reasonable restrictions on the speech of students, teachers, and other members of the school community." See Hazelwood, 484 U.S. at 267.

A claim by a public employee that his First Amendment rights are being violated depends upon the nature of the speech and where that speech is taking place. Connick v. Myers, 461 U.S. 138, 147-48 (1983). The Supreme Court has held that educators may limit the content of school-sponsored speech so long as the limitations are "reasonably related to legitimate pedagogical concerns." Hazelwood, 484 U.S. at 273. Thus, the ultimate authority to determine "'what manner of speech in the classroom . . . is inappropriate properly rests with the school board,' rather than with the federal courts." Id. at 267 (quoting Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675, 683(1986)) (internal citation omitted). "Courts are particularly reluctant to 'intervene in the resolution of conflicts which arise in the daily operation of school systems' unless it clear that, 'basic constitutional values are directly and sharply implicated in those conflicts.'" Seltech v. New York City Bd. of Educ., 1998 WL 938944, No. 97-cv-5922, at *3 (E.D.N.Y. Nov. 18,

1998) (quoting Bd. of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853 (1992)).

In this case, Ramberran disputes the school's restriction on his use of a webcam in his high school mathematics classroom without the permission of school officials, the students, or their parents. However, Ramberran has not alleged any expressive or artistic purpose for filming students in his mathematics classroom; he simply asserts that he was prevented from doing it. His allegations fail to demonstrate any infringement of protected speech. Moreover, the New York City School Chancellor has issued a regulation restricting filming in the classroom in order to protect the privacy and safety of students. (See Chancellor's Regulation A-640.) In view of this regulation and its supporting rationale, the school officials had a legitimate pedagogical purpose in restricting the webcam's use. As Ramberran's claim does not implicate a basic constitutional value it is dismissed.

Ramberran's First Amendment claim regarding the ROC's policy restricting his use of electronic devices during the work day is similarly without merit. Ramberran has not alleged that his employer's policy implicates his right to freedom of expression as contemplated by the First Amendment. As the Second Circuit has recognized: "features of [a teacher's] working conditions. . . are not protected by the Constitution." Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996). Ramberran's First Amendment claims, therefore, are dismissed.

## B.  Due Process and Equal Protection Claims

To state a cause of action under the due process clause, a plaintiff must first show that he has a property interest in the employment or the benefit that was removed. Bernheim v. Litt, 79 F.3d 318, 322 (2d Cir. 1996); see also, Gilbert v. Homar, 520 U.S. 924, 931 (1997) (in determining what process is constitutionally due, a court considers: "[f]irst, the private interest

that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest") (citing Matthews v. Eldridge, 424 U.S. 319, 335 (1976)).

Ramberran alleges that his reassignment to the ROC pending the outcome of an investigation into his use of a recording device in class violated his due process rights. Although Ramberran has a property right in his employment as a tenured teacher, see Gargiul v. Tompkins, 704, F.2d 661, 668 (2d Cir. 1983), he has not alleged deprivation of that property interest. Ramberran does not claim that he was terminated from his position or suspended without pay; the complaint indicates that he is still employed by the DOE as a teacher assigned to the ROC. An employee who continues to be paid by his employer cannot sustain a claim for deprivation of property without due process. See e.g., O'Connor v. Pierson, 426 F.3d 187, 199 (2d Cir. 2005) (observing that "no court has held that an employee on fully paid leave has been deprived of a property right merely by virtue of being relieved of his job duties."); Montefusco v. Nassau Cty., 39 F.Supp.2d 231, 239 (E.D.N.Y. 1999).

Moreover, should the DOE pursue disciplinary action to remove him from his position, Ramberran will be provided the processes afforded to him by New York Education Law § 3020a. Prior to terminating or imposing any kind of disciplinary action, the DOE must serve a tenured teacher with disciplinary charges. N.Y. Educ. Law § 3020a(3)(c)(1). The teacher will then have the opportunity to contest the charges before a neutral arbitrator. Id. The teacher also has the opportunity to be represented by his union and counsel during the arbitration. The procedures the procedures outlined by § 3020-a of the Education Law, when followed, are "more than adequate procedural safeguards to satisfy the plaintiff's due process rights under the Fourteenth

6

Amendment." Montefusco v. Nassau Cty., 39 F.Supp.2d at 239-40 (quoting Sullivan v. Board of Educ. of the Eastchester Union Free Sch. Dist., 131 A.D.2d 836, 838, 517 N.Y.S.2d 197, 199 (N.Y. App. Div. 1987) (addressing procedures dictated by § 3020-a)). Accordingly, Ramberran's due process claims fail.

Ramberran also brings an equal protection claim against defendants. The Fourteenth Amendment's guarantee of equal protection is "a right to be free from invidious discrimination in statutory classifications and other governmental activity." Harris v. McRae, 448 U.S. 297, 322 (1980). Equal protection rights are violated when the state fails to treat all similarly situated people alike, Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (citation omitted), based on "unreasonable, arbitrary, or capricious differences that are irrelevant to a legitimate government objective," Lehr v. Robertson, 463 U.S. 248, 265 (1983).

Accepting Ramberran's allegations as true and construing them liberally, he has not stated an equal protection claim. Ramberran fails to allege that he was treated differently than any other teacher employed by DOE. He instead challenges the regulation prohibiting filming in classrooms, which he concedes applies to all teachers. (See Compl. ¶ 4.) Although Ramberran alleges that he was treated differently than the DOE officials named in this case, those officials are principals, assistant principals, and regional supervisors. They are not similarly situated for the purposes of Ramberran's claim. Accordingly, Ramberran's equal protection claims are dismissed.

### C. Thirteenth Amendment claim

The Thirteenth Amendment states: "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States." U.S. Const. amend. XIII, § 1. Ramberran's Thirteenth Amendment claim is

frivolous as he has not alleged that he was placed in involuntary servitude. His reassignment to the ROC pending investigation into disciplinary proceedings, with full pay and pursuant to New York Education Law Section 3020(a), hardly supports a claim under the Thirteenth Amendment.

**D.   Other Claims**

Ramberran brings a claim under the Eight Amendment's prohibition against cruel and unusual punishment. This claim fails because Ramberran has not been subjected to criminal prosecution. See Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); United States v. Lovett, 328 U.S. 303, 317-18 (1946) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.").

Ramberran also invokes the jurisdiction of this Court pursuant to 42 U.S.C. § 1983. As discussed above, Ramberran has failed to allege any deprivation of rights "secured by the Constitution on its laws." See 42 U.S.C. § 1983. Any claim he has brought against defendants under Section 1983 is also dismissed.[1]

---

[1]   The Court notes that, to date, Ramberran has not effectuated service on defendants Richard Dellacona, Marilyn Shevell, Sheri Myers, or Gus Smaragdas as directed by the Court's order dated January 31, 2007. For the reasons set forth above, Ramberran's claims against those individual employees of Martin van Buren High School are also dismissed.

## CONCLUSION

For the reasons discussed above, defendants' motion for judgment on the pleadings is granted in its entirety and plaintiff's claims are dismissed. The Clerk of the Court is directed to enter judgment in accordance with this order and to close the case.

Dated: Brooklyn, NY
March 31, 2008

Carol Bagley Amon
United States District Judge